IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

RICKY ALLEN,                          )
                                      )
             Plaintiff,               )
                                      )
      v.                              )        CV 124-131
                                      )
RICHARD ROUNDTREE, et al.,            )
                                      )
             Defendants.              )

————————

**O R D E R**

————————

Plaintiff filed the above-captioned case *pro se* on August 12, 2024.  (Doc. no. 1.) Because he is proceeding *pro se*, the Court provided him with basic instructions regarding the development and progression of this case.  (Doc. no. 3.)  The Court explained Plaintiff is responsible for serving each Defendant in accordance with Federal Rule of Civil Procedure 4 and directed the Clerk of Court to attach a copy of Rule 4 to the August 12th Order so that Plaintiff could determine the appropriate method of service for Defendants.  (Id. at 1.)  The Court specifically informed Plaintiff, under Fed. R. Civ. P. 4(m), he had ninety days from the complaint filing to accomplish service and that failure to accomplish service could result in dismissal of individual Defendants or the entire case.  (Id.)  Now, the ninety days allowed for service has elapsed, and there is no evidence in the record that Defendant Wal-Mart Inc., has been served.  While other Defendants have filed motions to dismiss that are pending before the presiding District Judge, (doc. nos. 9, 10), there is no indication on the docket of service

on Defendant Wal-Mart Inc.  Nor did Wal-Mart Inc., participate in the 26(f) Conference. (See doc. no. 27.)

Rule 4(m) empowers courts with discretion to extend the time for service when a plaintiff demonstrates good cause for failing to timely serve process or any other circumstances warrant an extension of time.  Henderson v. United States, 517 U.S. 654, 662-63 (1996); Lepone-Dempsey v. Carroll Cnty. Comm'rs, 476 F.3d 1277, 1282 (11th Cir. 2007); Horenkamp v. Van Winkle & Co., 402 F.3d 1129, 1132 (11th Cir. 2005). Accordingly, Plaintiff shall have fourteen days from the date of this Order to explain the reason(s) for the delay in service of process on Defendant Wal-Mart Inc., and why this Defendant should not be dismissed without prejudice for failure to timely effect service.  The Court **DIRECTS** the Clerk of Court to attach a copy of Rule 4(m) to this Order for Plaintiff's perusal.

SO ORDERED this 13th day of November, 2024, at Augusta, Georgia.

BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA