IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF GEORGIA
AUGUSTA DIVISION

RICKY ALLEN,                          *
                                      *
        Plaintiff,                    *
                                      *
        v.                            *        CV 124-131
                                      *
RICHARD ROUNDTREE, et al.,            *
                                      *
        Defendants.                   *
                                      *
                          _____

                          O R D E R
                          _____

Before the Court are Defendants' motions to dismiss the complaint (Docs. 9, 10) and motion to dismiss the amended complaint (Doc. 51), as well as these motions filed by Plaintiff: motion for default judgment (Doc. 11), motion to withdraw the motion for default judgment (Doc. 14), motion to amend the complaint (Doc. 16), motion for a hearing (Doc. 17), motion to correct administrative errors (Doc. 18), motion for trial by jury (Doc. 19), second motion to amend the complaint (Doc. 32), motion to deny introduction of video evidence (Doc. 43), second motion for default judgment (Doc. 48), motion to withdraw second motion for default judgment (Doc. 49), third motion for default judgment (Doc. 50), and motion for judgment on the pleadings (Doc. 57). For the following reasons, Defendants' motions to dismiss (Docs. 9, 10) are **GRANTED**, and all other outstanding motions are **DENIED AS MOOT**.

## I. BACKGROUND

On August 12, 2024, Plaintiff, who is *pro se*, initiated this action against Defendants Richmond County, Richmond County Sheriff's Department ("RCSD"), Sheriff Richard Roundtree, Deputy Sergeant Tim Rzasa, and Wal-Mart, asserting claims arising out of his experiences as a customer at Wal-Mart. (Doc. 1.) Because Wal-Mart was dismissed from this action for Plaintiff's failure to effectuate service (Doc. 47), the Court relays only the facts relevant to the remaining Defendants.

Plaintiff's August 12, 2024 complaint (the "Complaint") alleges that on August 4, 2024, he tried to return two televisions, still unopened and in their original packaging, that he had purchased the previous month to the Wal-Mart located on Wrightsboro Road. (Doc. 1, at 12.) A customer service representative initially told Plaintiff he could not return the televisions. (Id.) Later, the customer service representative began cutting the television boxes open with a box cutter, and Plaintiff began recording a video of the scene on his phone. (Id. at 13.) At this time, Defendant Rzasa approached the customer service department. (Id.) Defendant Rzasa wore a grey and black uniform that read "Sheriff of Richmond County," and he had a gun, handcuffs, taser, and walkie talkie. (Id. at 7.) When Defendant Rzasa arrived in the customer service area, a cashier had possession of the televisions, which were inside a shopping cart,

2

and Plaintiff's receipt. (Id.) Defendant Rzasa took possession of the receipt and shopping cart, with the televisions still inside, wheeled the cart to the store entrance, and shoved it out the door. (Id. at 7, 13.) Defendant Rzasa then tossed Plaintiff's receipt on top of the televisions. (Id. at 7.) Plaintiff requested Defendant Rzasa's badge number, but Defendant Rzasa walked away. (Id.) Defendant Rzasa had possession of the televisions and receipt for a total of one minute and twenty-eight seconds. (Id. at 7.) Plaintiff later returned the televisions at another Wal-Mart location. (Id. at 13.)

Plaintiff's Complaint asserts federal claims pursuant to 42 U.S.C. § 1983 for violating his Fourth, Eighth, and Tenth Amendment rights, as well as a state-law claim under O.C.G.A. § 16-11-90. (Id. at 3, 16.) He seeks $1.5 million in damages from Defendants Roundtree and RCSD and $1.5 million from Defendant Rzasa. (Id. at 20.)

On August 13, 2024, Plaintiff moved to amend his Complaint. (Doc. 4.) The Magistrate Judge issued an Order on August 15, 2024, finding Plaintiff's motion to amend moot given Plaintiff's entitlement to amend as of right under Federal Rule of Civil Procedure 15(a). (Doc. 5, at 2.) Noting that Plaintiff's motion to amend contained excerpted pages from the Complaint with his proposed changes, rather than a complete amended complaint, the Magistrate Judge also instructed Plaintiff that, to properly amend

3

his complaint, Plaintiff must "file one, complete amended complaint that includes all matters he wishes to be considered as his operative pleading in the case." (Id. at 1-2.)

On September 17, 2024, Defendants moved to dismiss Plaintiff's claims. (Docs. 9, 10.) Plaintiff responded in opposition. (Docs. 12, 15.) Failing to heed the Magistrate Judge's instruction for amending his complaint, Plaintiff thereafter submitted at least seven filings which, like his initial motion to amend, contained piecemeal amendments to his Complaint rather than a complete amended complaint. (Docs. 16, 21, 22, 24, 32, 39, 44.) Three of these (Docs. 32, 39, 44) were filed after the last day for amended pleadings set by the scheduling order, which was November 18, 2024 (Doc. 28). Amid these piecemeal amendments, Plaintiff also filed a complete amended complaint (the "Amended Complaint") on December 2, 2024. (Doc. 41.) Defendants moved to dismiss the Amended Complaint on December 16, 2024. (Doc. 51.)

Given the cluttered docket and Plaintiff's several attempts to amend or correct the Complaint, the Court's first order of business is to identify the operative complaint. The Magistrate Judge's August 15, 2024 instruction that Plaintiff must submit a complete amended complaint in order to properly amend renders Plaintiff's subsequently filed noncompliant, piecemeal amendments ineffective. (See Doc. 5, at 1-2.) The Amended Complaint (Doc.

4

41), however, is a complete complaint, so the Court considers whether it should supersede the Complaint.

Under Federal Rule of Civil Procedure 15, "[a] party may amend its pleading once as a matter of course no later than 21 days after serving it, or . . . 21 days after service of a motion under Rule 12(b)." If more than twenty-one days have passed since service of a Rule 12(b) motion, a pleading may be amended only with consent of the opposing party or permission from the court. FED. R. CIV. P. 15(a)(2). Plaintiff filed the Amended Complaint (Doc. 41) more than twenty-one days after Defendants moved to dismiss (Docs. 9, 10), and the record does not reflect Defendants' consent. The Amended Complaint is therefore only permissible with the Court's leave.

District courts are given "extensive discretion" to decide whether to allow an amended complaint. Campbell v. Emory Clinic, 166 F.3d 1157, 1162 (11th Cir. 1999). The Eleventh Circuit has set forth five factors for district courts to consider when exercising this discretion: (1) "undue delay," (2) "bad faith or dilatory motive on the part of the movant," (3) "repeated failure to cure deficiencies by amendments previously allowed," (4) "undue prejudice to the opposing party by virtue of allowance of the amendment," and (5) "futility of amendment." Seiger ex rel. Seiger v. Philipp, 735 F. App'x 635, 637 (11th Cir. 2018) (citation omitted).

The Amended Complaint asserts federal § 1983 and, though unclear, perhaps state-law claims against Defendants Rzasa and Roundtree in their official capacities. (Doc. 41, at 3-4, 6.) For reasons described below, Plaintiff's § 1983 official capacity claims against Defendants Rzasa and Roundtree are barred by Eleventh Amendment immunity, and his state law official capacity claims are barred by state sovereign immunity. The Amended Complaint is therefore futile, so the Court will not grant Plaintiff leave to file his Amended Complaint. The Complaint (Doc. 1) remains the operative pleading. The Court now turns to the merits of Defendants' motions to dismiss the Complaint. (Docs. 9, 10.)

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(6) permits a defendant to seek dismissal if the complaint fails to state a claim upon which relief can be granted. The Court tests the legal sufficiency of the complaint in considering a Rule 12(b)(6) motion to dismiss. Scheuer v. Rhodes, 416 U.S. 232, 236 (1974), *overruled on other grounds by* Davis v. Scherer, 468 U.S. 183 (1984). Rule 12(b)(6) works in tandem with Federal Rule of Civil Procedure 8(a)(2), which requires a complaint to contain "a short and plain statement of the claim showing that the pleader is entitled to relief" to give the defendant fair notice of both the claim and the supporting

6

grounds. Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (citation omitted). Although "detailed factual allegations" are not required, Rule 8 "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 555).

A plaintiff's pleading obligation "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Twombly, 550 U.S. at 555. "Nor does a complaint suffice if it tenders 'naked assertions' devoid of 'further factual enhancement.'" Iqbal, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 557). The Court need not accept the pleading's legal conclusions as true, only its well-pleaded facts. Id. at 679. Furthermore, "the court may dismiss a complaint pursuant to [Rule 12(b)(6)] when, on the basis of a dispositive issue of law, no construction of the factual allegations will support the cause of action." Marshall Cnty. Bd. of Educ. v. Marshall Cnty. Gas Dist., 992 F.2d 1171, 1174 (11th Cir. 1993) (citing Exec. 100, Inc. v. Martin Cnty., 922 F.2d 1536, 1539 (11th Cir. 1991)). Allegations in a complaint must be taken as true and "read . . . in the light most favorable to the plaintiff[]." Duke v. Cleland, 5 F.3d 1399, 1402 (11th Cir. 1993) (citation omitted).

## III. DISCUSSION

Defendants move to dismiss all of Plaintiff's claims.  (Docs. 9, 10.)   The Court considers each Defendant's arguments in turn.

## A. Defendant Rzasa

Plaintiff asserts § 1983 claims against Defendant Rzasa in his official and individual capacities.[1]  (Doc. 1, at 3.)

### 1. Official Capacity Claims

Plaintiff asserts official capacity claims against Defendant Rzasa in his role as a Deputy Sergeant with Richmond County.  (Id. at 2.)   Defendant Rzasa argues those claims should be dismissed because such claims are not cognizable against sheriffs and their deputies in Georgia.  (Doc. 9, at 2-3.)   Plaintiff's response primarily recites portions of his Complaint that he believes establish Defendant Rzasa's conduct violated his rights.  (Doc. 15, at 3-4.)

The Court finds that Plaintiff's federal claims against Defendant Rzasa in his official capacity are due to be dismissed because Defendant Rzasa is subject to Eleventh Amendment immunity. The Eleventh Amendment "bars suits brought in federal court when the State itself is sued and when an 'arm of the State' is sued." Manders v. Lee, 338 F.3d 1304, 1308 (11th Cir. 2003) (en banc)

---

[1] Defendant Rzasa also moves to dismiss any state law claims against him.  (Doc. 9, at 5-6.)   However, because Plaintiff represents that he does not bring such claims against Defendant Rzasa (Doc. 15, at 9), the Court **DENIES AS MOOT** Defendant Rzasa's motion insofar as it seeks dismissal of Plaintiff's state law claims (Doc. 9, at 5-6).

(citing <u>Mt. Healthy City Sch. Dist. Bd. of Educ. v. Doyle</u>, 429

U.S. 274, 280 (1977)). Eleventh Amendment immunity may be asserted

not only by state officers and state officials, but by all persons

"acting as an 'arm of the State,' which includes agents and

instrumentalities of the State." <u>Id.</u> (citing <u>Regents of the Univ.</u>

<u>of Cal. v. Doe</u>, 519 U.S. 425, 429-30 (1997)). The determination

of "[w]hether a defendant is an 'arm of the State' must be assessed

in light of the particular function which the defendant was engaged

when taking the actions out of which liability is asserted to

arise." <u>Id.</u> (citation omitted). Relevant here,

> where a sheriff and his deputies are performing their
> official and authorized duties as state actors — i.e.
> engaged in general law enforcement functions or making
> arrests pursuant to state law - they are entitled to
> Eleventh Amendment immunity from a § 1983 claim for
> money damages or other retrospective relief brought
> against them in their official capacities.

<u>Frederick v. Brown</u>, No. CV 113-176, 2015 WL 4756765, at *14 (S.D.

Ga. Aug. 10, 2015) (citing <u>Manders</u>, 338 F.3d at 1328).

Plaintiff concedes that during the events at issue, Defendant

Rzasa "was acting under his [] 'authority' as [a] . . . 'deputy

sergeant' employed by [RCSD]." (Doc. 15, at 3.) Therefore,

Plaintiff's official capacity claims against Defendant Rzasa

relate to the performance of his law enforcement functions and are

barred by the Eleventh Amendment. The Court therefore **DISMISSES**

Plaintiff's § 1983 official capacity claims against Defendant

Rzasa.

2. Individual Capacity Claims

Plaintiff asserts § 1983 individual capacity claims against Defendant Rzasa in his role as "Wal-Mart Inc.'s Employee." (Doc. 1, at 2-3.) Section 1983 claims may only be brought against a private party if the plaintiff shows the private party conspired with a state actor to infringe on the plaintiff's federal rights and a deprivation of a federal right actually occurred. Reed v. Strickland, No. 24-10435, 2025 WL 1554373, at *2 (11th Cir. June 2, 2025) (citation omitted). Here, Plaintiff does not explicitly allege Defendant Rzasa, acting as a Wal-Mart employee, conspired with a state actor to deprive Plaintiff of his rights. (See Doc. 1.) Even so, Plaintiff's individual capacity claims against Defendant Rzasa still fail because, for the following reasons, Plaintiff does not plead facts establishing a constitutional violation occurred.

a. *Fourth Amendment*

Defendant Rzasa argues Plaintiff's Fourth Amendment individual capacity claim against him fails because Defendant Rzasa's alleged actions did not violate the Fourth Amendment. (Doc. 9, at 3-4.) In response, Plaintiff contends his personal property was subject to a Fourth Amendment seizure when Defendant Rzasa took possession of the televisions Plaintiff sought to return. (Doc. 15, at 5.)

10

The Fourth Amendment protects "[t]he right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures." U.S. CONST. amend. IV. Personal property is "seized" under the Fourth Amendment "when there is a 'meaningful interference' with a person's possessory interest in it." Crocker v. Beatty, 886 F.3d 1132, 1136 (11th Cir. 2018) (citation omitted). "[T]emporary deprivation[s]" of a plaintiff's possessory interest in property, however, do not constitute a "meaningful interference." Porter v. Jewell, 453 F. App'x 934, 937 (11th Cir. 2012). Compare id. (finding officer's "relatively minor" damage to apartment door, which was repaired within an hour, was a temporary deprivation and not an unconstitutional seizure), with Watkins v. Davis, 696 F. Supp. 3d 1276, 1307 (N.D. Ga. 2023) (finding officers meaningfully interfered with plaintiff's possessory interest when they damaged her car such that it was deemed a total loss).

The Court finds Plaintiff has not established Defendant Rzasa seized his personal property under the Fourth Amendment. Plaintiff alleges Defendant Rzasa "snatched [Plaintiff's] personal property out of the hand of the cashier and assumed unauthorized physical control over [Plaintiff's] property for 1 minute and 28 seconds." (Doc. 1, at 7.) Plaintiff does not assert Defendant Rzasa damaged the property such that Plaintiff was deprived of its use after he relinquished control of it; in fact, Plaintiff later successfully

11

returned the property to a different Wal-Mart location.    (Id.)
Such facts do not establish that Defendant Rzasa meaningfully
interfered with Plaintiff's possessory interest in the property.
Plaintiff's Fourth Amendment claim against Defendant Rzasa in his
individual capacity is therefore **DISMISSED**.

b. *Eighth Amendment*

Defendant Rzasa also contends Plaintiff fails to plead facts
establishing a violation of the Eighth Amendment.  (Doc. 9, at 4.)
Plaintiff argues Defendant Rzasa violated his Eighth Amendment
rights because "[i]t was cruel and unusual when [Plaintiff] had to
endure almost 2 minutes of being degra[d]ed in public by
[Defendant] Rzasa."  (Doc. 15, at 8.)

The Eighth Amendment "applies to [claims of mistreatment] by
convicted prisoners."  Wimbush v. Conway, 768 F. App'x 958, 968
(11th Cir. 2019) (citation omitted).  Plaintiff was not in custody
when he filed the Complaint, nor does he allege he was a prisoner
at the time of the alleged violation.  (Doc. 1, at 4-5.)  The Court
therefore **DISMISSES** Plaintiff's Eighth Amendment claim for failure
to state a claim.

c. *Tenth Amendment*

Defendant Rzasa asserts that Plaintiff fails to state a claim
under the Tenth Amendment because his claims implicate no issues
of federalism and the Tenth Amendment is not a source of individual
rights upon which to base a § 1983 claim.    (Doc. 9, at 4.)

12

Plaintiff's response does not address Defendant Rzasa's argument for dismissing this claim.   (See Doc. 15.)

The Tenth Amendment states, "The powers not delegated to the United States by the Constitution, nor prohibited by it to the States, are reserved to the States respectively, or to the people." U.S. CONST. amend. X.   Its purpose when adopted was "to allay fears that the new national government might seek to exercise powers not granted, and that the states might not be able to exercise fully their reserved powers."  United States v. Darby, 312 U.S. 100, 124 (1941) (citations omitted).

The Court finds Plaintiff fails to state a claim under the Tenth Amendment because nothing in his Complaint implicates issues of states' rights or federalism.   (Doc. 1.)   Further, though the Court need not decide this issue, other courts have expressed skepticism of an individual plaintiff's right to recover under the Tenth Amendment.   See Everett v. Cobb Cnty., No. 1:17-CV-3392, 2019 WL 3410220, at *3 n.50 (N.D. Ga. July 29, 2019), aff'd, 823 F. App'x 888 (11th Cir. 2020) ("the Court is not convinced that the Tenth Amendment is a source of individual rights at all"). The Court therefore DISMISSES Plaintiff's Tenth Amendment claim for failure to state a claim.

## B. Defendant Roundtree

Plaintiff asserts state and federal claims against Defendant Roundtree. (Doc. 1, at 3.)  The Court first considers Defendant Roundtree's arguments for dismissal of the federal claims.

### 1. Federal Claims

Defendant Roundtree asserts Plaintiff's § 1983 official capacity claims against him fail for the same reason they fail against Defendant Rzasa: Defendant Roundtree, as an arm of the state, receives Eleventh Amendment immunity.  (Doc. 10, at 4-5.) Plaintiff's response to Defendant Roundtree's motion does not address this argument.  (See Doc. 12.)

The Court finds Defendant Roundtree is entitled to Eleventh Amendment immunity for Plaintiff's § 1983 official capacity claims.  The only facts Plaintiff alleges as to Defendant Roundtree are that Defendant Roundtree employed Defendant Rzasa as a law enforcement officer and trained him "to perform[] the duties of a Sergeant Deputy for [RCSD]." (Doc. 1, at 5.)  Thus, Plaintiff's official capacity claims against Defendant Roundtree relate to the performance of his law enforcement functions and are barred by the Eleventh Amendment.  The Court therefore **DISMISSES** Plaintiff's § 1983 official capacity claims against Defendant Roundtree.[2]

---

[2] Defendant Roundtree also moves to dismiss Plaintiff's § 1983 claims against him in his individual capacity.  (Doc. 10, at 5-6.)  However, Plaintiff only asserts official capacity claims against Defendant Roundtree.  (Doc. 1, at 3.) The Court therefore **DENIES AS MOOT** Defendant Roundtree's motion to dismiss Plaintiff's individual capacity claims.

## 2. State Law Claims

Defendant Roundtree argues state sovereign immunity bars any state-law claim brought against him in his official capacity. (Doc. 10, at 6.)  He also argues the Georgia statute under which Plaintiff purports to bring a claim, O.C.G.A. § 16-11-90, does not provide a private cause of action.  (Id. at 7.)  Plaintiff does not address these arguments in his response.  (See Doc. 12.)  The Court first addresses whether Georgia law affords Defendant Roundtree sovereign immunity for official capacity claims.

In Georgia,

> counties enjoy sovereign immunity, and can be sued only if they have waived their immunity.  A lawsuit against a sheriff in his official capacity is considered a suit against the county, and the sheriff is entitled to assert any defense or immunity that the county could assert, including            sovereign            immunity.

Strength v. Lovett, 714 S.E.2d 723, 726 (Ga. Ct. App. 2011) (citations omitted).  The party seeking to benefit from a waiver of sovereign immunity bears the burden of establishing such waiver. Bd. of Regents of Univ. Sys. of Ga. v. Daniels, 446 S.E.2d 735, 736 (Ga. 1994) (citation omitted).  To establish waiver, a party must identify "'an Act of the General Assembly' that specifically waives sovereign immunity and describes the extent of the waiver." Moncus v. Lasalle Mgmt. Co., No. 7:19-CV-75, 2020 WL 4430390, at *3 (M.D. Ga. July 31, 2020) (quoting GA. CONST. art. 1, § 2, ¶ IX).

15

Plaintiff does not point to any Act of the General Assembly that would waive sovereign immunity under the facts alleged. (See Docs. 1, 12.) Because Plaintiff has not met his burden of establishing waiver, Defendant Roundtree is entitled to sovereign immunity for Plaintiff's state-law claim against him in his official capacity.[3]

Even if Defendant Roundtree were not subject to sovereign immunity, Plaintiff's state-law claim under O.C.G.A. § 16-11-90 would nonetheless fail. O.C.G.A. § 16-11-90 is a criminal statute regarding transmission of sexually explicit photographic or video content. Plaintiff offers no facts suggesting that the statute may have been violated. (Doc. 1.) Further, even if he had, Georgia courts have already found no private cause of action exists under O.C.G.A. § 16-11-90. Somerville v. White, 787 S.E.2d 350, 353-54 (Ga. Ct. App. 2016). As such, Plaintiff's state-law claim under O.C.G.A. § 16-11-90 is **DISMISSED**.

## C. Defendant Richmond County

Plaintiff names Richmond County as a Defendant but alleges no facts against it in his Complaint. (Doc. 1.) Defendant Richmond County argues Plaintiff fails to state a claim against it for two

---

[3] Though Plaintiff clarifies he does not assert state-law claims against Defendant Rzasa (Doc. 15, at 9), any such claim against Defendant Rzasa in his official capacity would fail for the same reason as those against Defendant Roundtree. See Spell v. Cnty. of Jeff Davis, No. 2:24-CV-69, 2025 WL 696997, at *7 (S.D. Ga. Mar. 4, 2025) (noting sheriff's deputies, like sheriffs, receive state sovereign immunity for official capacity claims).

reasons: first, Defendant Richmond County cannot be liable for Defendant Rzasa's acts or omissions, and second, Plaintiff does not identify any municipal employee who committed a constitutional violation pursuant to a county policy. (Doc. 10, at 3-4.) Plaintiff's response fails to address these arguments. (See Doc. 12.)

The Court finds Plaintiff's claims against Defendant Richmond County should be dismissed. A county may be liable under § 1983 only when it is "actually responsible" for a constitutional violation. Grech v. Clayton Cnty., 335 F.3d 1326, 1329 (11th Cir. 2003) (citation omitted). To show a county is responsible, the plaintiff must "identify a municipal policy or custom that caused his injury." Id. (alteration adopted) (citation and internal quotation marks omitted). "[I]n doing so, the [p]laintiff must show that the county has authority and responsibility over the governmental function [at] issue." Temple v. McIntosh Cnty., No. 2:18-CV-91, 2019 WL 287482, at *3 (S.D. Ga. Jan. 22, 2019) (quoting Grech, 335 F.3d at 1330) (internal quotation marks omitted). "[C]ounties have no authority or control over, and no role in, Georgia sheriffs' law enforcement function." Grech, 335 F.3d at 1336.

Defendant Richmond County had no authority over Defendant Rzasa's conduct because Defendant Rzasa was a sheriff's deputy acting in his law enforcement capacity. Id. Therefore, even if

17

Plaintiff seeks to hold Defendant Richmond County liable for Defendant Rzasa's conduct, Plaintiff fails to establish such a claim. Any claims against Defendant Richmond County are therefore **DISMISSED**.

## D. Defendant RCSD

Defendant RCSD asserts Plaintiff's claims against it should be dismissed because it is not a legal entity subject to suit. (Doc. 10, at 2-3.) Plaintiff's response does not address this argument. (<u>See</u> Doc. 12.)

The Court finds any claim against Defendant RCSD should be dismissed. As Defendants correctly assert, "sheriff's departments are not legal entities capable of being sued." <u>Jackson v. Richmond Cnty. Sheriff Dep't</u>, No. CV 120-022, 2020 WL 1897174, at *2 (S.D. Ga. Mar. 3, 2020) (citation omitted), *report and recommendation adopted*, No. CV 120-022, 2020 WL 1891241 (S.D. Ga. Apr. 16, 2020) (collecting cases holding the same). The Court therefore **DISMISSES** Plaintiff's claims against Defendant RCSD.

## IV. CONCLUSION

For the foregoing reasons, Defendants' motions to dismiss the Complaint (Docs. 9, 10) are **GRANTED**, and all remaining motions are **DENIED AS MOOT**. The Clerk is **DIRECTED** to **TERMINATE** all pending deadlines and **CLOSE** this case.

18

ORDER ENTERED at Augusta, Georgia, this 7ᵗʰ day of August, 2025.

_____
HONORABLE J. RANDAL HALL
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF GEORGIA